UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSEPH ABDULLAH,

        2:06-CV-0892-MCE-KJM

    Plaintiff,

  v.                    MEMORANDUM AND ORDER

LOUIS A. CARLIN, PATRICIA A.
CARLIN and DOES 1 - 50,
inclusive,

    Defendants.

----oo0oo----

Through this motion, Defendant Louis A. Carlin ("Carlin") seeks to set aside the default entered against him on June 30, 2006. Carlin's Motion is premised on his alleged mistake of fact in presuming the Summons served in this matter was instead an unrelated class action notice. As set forth below, Carlin's Motion to Set Aside Entry of Default is granted.[1]

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

1

1  Carlin explains that as an insurance broker, he receives
2 notices of pending class action lawsuits regarding various
3 products on a regular basis.  His practice with these notices is
4 to set them aside for review when time permits.  On May 20, 2006,
5 one of his children accepted delivery of the letter containing
6 the Summons in the present matter.  On June 28, 2006, Carlin
7 accepted service of a Summons on behalf of his wife and co-
8 defendant in this matter, Patricia Carlin.  It was then that
9 Carlin was alerted to the existence of this litigation.  Default
10 against Carlin was entered on June 30, 2006.  Carlin promptly
11 obtained legal counsel and on August 2, 2006, this Motion to Set
12 Aside Entry of Default was filed.
13  Federal Rule of Civil Procedure 55(c) governs the setting
14 aside of an entry of default and states, in relevant part: "For
15 good cause shown the court may set aside an entry of default...."
16 The Ninth Circuit has indicated that a district court's
17 discretion is "especially broad where ... it is entry of default
18 that is being set aside, rather than a default judgment."
19 *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir.
20 1986) (citation omitted); *See also Brady v. United States*, 211
21 F.3d 499, 504 (9th Cir. 2000).  "Where timely relief is sought
22 from a default ... and the movant has a meritorious defense,
23 doubt, if any, should be resolved in favor of the motion to set
24 aside the default so that cases may be decided on their merits."
25 *Id.* at 945-46 (citations and quotations omitted).
26 ///
27 ///
28 ///

1  With this standard in mind and given the non-opposition by
2 Plaintiff Abdullah, the Court finds that Carlin's mistaken belief
3 constitutes sufficient cause to set aside the entry of default.
4 Good cause having been found, the entry of default shall be set
5 aside, and Carlin shall be accorded twenty (20) days from the
6 date of this Order to file a responsive pleading.
7  IT IS SO ORDERED.
8 DATED: August 31, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE